**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RODGER DE PUTE, #49526-177,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:21-CV-1789-N-BH** |
| | § | |
| **K. ZOOK, Warden, FCI-Seagoville, et. al.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED without prejudice**.

**I. BACKGROUND**

On August 2, 2021, Rodger De Pute (Plaintiff) filed this suit against K. Zook, K. F. Bandas, A. Ratliff, K. Russell, and N.F.N. Stevenson (Defendants), for alleged violation of his civil rights. (doc. 3.)[2] Because he did not satisfy the requirements for proceeding *in forma pauperis*, he paid the filing fee on September 9, 2021. By order dated September 13, 2021, he was advised of his responsibility to ensure Defendants were timely served with process:

> Because he paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If defendants are not served within 90 days after the filing of the complaint, the action is subject to dismissal against the defendant without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of the "server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed against that defendant.

---

[1] By *Special Order 3-251*, this *pro se* prisoner case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See* doc. 12.) The order also directed the clerk to mail him a summons form and a copy of Rule 4. (*Id.*) The docket reflects the documents were served with this order.

By correspondence received on September 22, 2021, and October 5, 2021, Plaintiff requested an extension of time to serve Defendants, but his requests were denied without prejudice because the 90-day period in Rule 4(m) period had not yet expired, and he had not shown that he could not effect service timely through private means or obtain waivers of service. (*See* docs. 13-16.)  Included with the orders were waivers of summons and copies of Rule 4.  (*See* docs. 14, 16.)

By order dated November 29, 2021, Plaintiff was ordered to file a valid return of service on Defendants or show cause in writing as to why service could not be made on them no later than December 20, 2021. (*See* doc. 17.) The order explained that because more than 90 days had passed since he filed suit, and he had failed to file valid returns of service for Defendants, the action was subject to dismissal under Fed. R. Civ. P. 4(m). (*Id.*) The order expressly stated that if Plaintiff failed to comply with order, dismissal of the case against Defendants would be recommended without further notice. (*Id.*)

Despite the passage of several months, Plaintiff has not filed anything else in this case.

## II.  RULE 4(m)

Because he paid the filing fee, Plaintiff was responsible for serving each defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is

not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since Plaintiff filed this action, but he has not accomplished service on Defendants or obtained waivers from them. He was ordered to file a

valid return of service or show cause in writing as to why service could not be made. Despite the order, Plaintiff has not filed valid returns of service or met his burden to show cause for his failure to properly serve Defendants. He has not filed anything else in this case. Because he has not filed anything else in this case, he has shown nothing to support the exercise of discretion to provide more time to accomplish service. The docket reflects no additional attempts to accomplish service or any indication that he ever attempted to serve Defendants or obtain waivers from them. Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

## IV. RECOMMENDATION

The plaintiff's claims against the defendants should be **DISMISSED without prejudice** *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m), and final judgment should be entered, unless the plaintiff files valid proof of service for the defendants within the time for objecting to this recommendation, or by some other deadline set by the Court..

**SO RECOMMENDED** on this 5th day of August, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE